## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN BERNIER, | : | Civil No. 3:19-cv-2134 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| WARDEN HOWARD, | : | |
| | : | |
| Respondent | : | |

### MEMORANDUM

### I. Background

Presently pending before the Court is a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241 (Doc. 1), filed by Petitioner Jean Bernier ("Bernier"), an inmate confined at

the Federal Correctional Complex, Allenwood, Pennsylvania ("FCC-Allenwood"). Bernier

challenges the outcome of a disciplinary hearing held at FCC-Allenwood and seeks to have

the incident report expunged. (*Id.*). For the reasons set forth below, the Court will dismiss

the petition as moot.

### II. Discussion

Article III of the United States Constitution limits the judicial power of federal courts

to "cases or controversies" between parties. U.S. CONST., art. III, § 2. "This case-or-

controversy requirement subsists through all stages of federal judicial proceedings, trial and

appellate . . . the parties must continue to have a personal stake in the outcome of the

lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108

L.Ed.2d 400 (1990).  In other words, "throughout the litigation, the plaintiff must have

suffered, or be threatened with, an actual injury traceable to the defendant and likely to be

redressed by a favorable judicial decision." *Id.* at 477; *see also Spencer v. Kemna*, 523

U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998).  Thus, "[i]f developments occur during

the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit

or prevent a court from being able to grant the requested relief, the case must be dismissed

as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 699-70 (3d Cir. 1996).

Applying the above law to this case, the habeas petition is moot.  Bernier challenges

the disciplinary proceedings relating to incident report number 3247829.  He claims that he

did not receive advance notice of the charges and there was insufficient evidence to support

a finding of guilt.  For relief, Bernier seeks an order from this Court directing that the incident

report be expunged.

On February 3, 2020, Respondent filed a suggestion of mootness stating that the

incident report Bernier is challenging has been expunged and is no longer on his discipline

data report.  (Doc. 8; Doc. 8-1, pp. 5-8, Chronological Disciplinary Record).  Thus,

Respondent asserts that no further relief is available to Bernier and the habeas petition is

now moot.  (*Id.*).

Because the relief that Bernier requests in his petition has been granted by the

Bureau of Prisons, no case or controversy exists and the petition must be dismissed as

moot.  *See Marine v. Quintana*, 347 F. App'x 736 (3d Cir. 2009) (holding that the § 2241

habeas petition challenging the constitutionality of a disciplinary proceeding that resulted in loss of good time credits and rescheduling of inmate's provisional release date was rendered moot after the incident report was expunged).

## III. Conclusion

Based on the foregoing, the Court will dismiss the habeas petition as moot. A separate Order shall issue.

Date: February __13__, 2020

Robert D. Mariani
United States District Judge